IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRISTOL MYERS SQUIBB COMPANY,

        Plaintiff,

  v.

ROBERT F. KENNEDY, JR., *et al.*,

        Defendants.

Case No. 1:24-cv-03337-DLF

**UNOPPOSED MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF STATE AND REGIONAL HOSPITAL ASSOCIATIONS IN SUPPORT OF DEFENDANTS**

Pursuant to Local Rule 7(o), proposed *amici curiae*, 37 state and regional hospital associations ("Proposed *Amici*"),[1] respectfully move for leave to file the attached *amici curiae* brief in support of Defendants.

---

[1] The 37 Proposed *Amici* are identified in the appendix to the attached brief. They are: Arizona Hospital and Healthcare Association; Arkansas Hospital Association; California Hospital Association; Colorado Hospital Association; Connecticut Hospital Association; Delaware Healthcare Association; Florida Hospital Association; Georgia Hospital Association; Greater New York Hospital Association; Healthcare Association of Hawaii; Healthcare Association of New York State; Hospital Association of Oregon; Idaho Hospital Association; Illinois Health and Hospital Association; Indiana Hospital Association; Iowa Hospital Association; Kentucky Hospital Association; Louisiana Hospital Association; Massachusetts Health & Hospital Association; Michigan Health & Hospital Association; Mississippi Hospital Association; Missouri Hospital Association; New Jersey Hospital Association; New Mexico Hospital Association; North Carolina Healthcare Association; North Dakota Hospital Association; Ohio Hospital Association; Oklahoma Hospital Association; Tennessee Hospital Association; The Hospital and Healthsystem Association of Pennsylvania; Texas Hospital Association; Vermont Association of Hospitals and Health Systems; Virginia Hospital & Healthcare Association; Washington State Hospital Association; West Virginia Hospital Association; Wisconsin Hospital Association; and Wyoming Hospital Association.

Proposed *Amici* represent thousands of hospitals and health systems across the United States. Proposed *Amici*'s members participate in the 340B drug discount program (the "340B Program"), which is essential to supporting hospitals in their service to their communities through the delivery of high-quality, efficient, and accessible health care. Proposed *Amici* seek leave to file the attached brief to provide the Court with information about how the 340B Program operates, and to address the significant and adverse impact that Bristol Myers Squibb Company's ("BMS's") proposed rebate model would have on 340B hospitals and the patients and communities they serve. As representative organizations for hospitals and health systems that participate in the 340B Program, Proposed *Amici* have direct and extensive knowledge of how hospitals use the program and implement its requirements.

District courts have "inherent authority" to permit participation by *amici*. *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 136 (D.D.C. 2008). This court regularly permits the filing of *amicus* briefs where the proposed *amici* have an interest "that may be affected by the decision" in the case, or otherwise have "unique information or perspective that can help the court." *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (internal quotation marks omitted). As the Supreme Court recently recognized, the perspective of *amici* can be especially valuable in cases like this one that entail the Court's review of agency action involving technical or specialized subject matter. *See Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 402 (2024) ("*[A]mici* in such cases are steeped in the subject matter, and reviewing courts have the benefit of their perspective."). Those considerations easily support Proposed *Amici*'s participation in this case.

The 340B Program enables covered entities, including many of Proposed *Amici*'s member hospitals, to stretch scarce federal resources by purchasing outpatient drugs at reduced prices,

allowing these institutions to reach more eligible patients and provide more comprehensive services. The 340B Program is critical to Proposed *Amici*'s members' ability to serve vulnerable populations, particularly in low-income and rural communities. As the proposed brief notes, BMS's unlawful attempt to impose a rebate model for 340B pricing would significantly harm Proposed *Amici*'s members by increasing costs and creating administrative burdens. As organizations whose members will be directly affected by the outcome of this litigation, Proposed *Amici* have a substantial interest in this case.

Proposed *Amici*'s brief explains in detail how virtual inventory replenishment models work in practice, addressing BMS's mischaracterizations of these models and describing crucial differences between replenishment models and BMS's proposed rebate model. The proposed brief also provides the Court important context for understanding why HRSA's recognition of a rebate model for AIDS Drug Assistance Programs ("ADAPs") does not make its rejection of BMS's rebate proposal arbitrary and capricious. Finally, the proposed brief discusses alternative mechanisms through which manufacturers could work with Proposed *Amici*'s member hospitals and health systems to meet the manufacturers' obligations under the Inflation Reduction Act, but without implementing a 340B rebate model that violates the 340B statute. Proposed *Amici* respectfully submit that this information will help the Court understand why HRSA's rejection of BMS's rebate proposal was not arbitrary and capricious, but rather consistent with the purpose and history of the 340B Program.

The proposed brief is being filed within seven days of the filing of Defendants' cross-motion for summary judgment and therefore will not cause any delay in the proceedings. Additionally, the brief focuses on specific issues relevant to the Court's decision and endeavors to avoid unnecessary duplication of arguments made by the parties or other *amici*.

Counsel for Proposed *Amici* has consulted with counsel for the parties. Plaintiff consents to Proposed *Amici*'s motion, and Defendants take no position.

For these reasons, Proposed *Amici* respectfully request that the Court grant their motion for leave to file the proposed *amici curiae* brief.

Dated: March 24, 2025

                    Respectfully submitted,

                    */s/ Scott D. Gallisdorfer*

                    Scott D. Gallisdorfer (D.C. Bar No. 1024619)
                    BASS, BERRY & SIMS PLC
                    21 Platform Way South, Suite 3500
                    Nashville, Tennessee 37203
                    Telephone: (615) 742-7926
                    scott.gallisdorfer@bassberry.com

                    *Counsel for Amici Curiae*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I electronically filed the above document with the Clerk of Court via the Court's CM/ECF electronic filing system, which will send a notice of electronic filing to all counsel of record identified on the docket.

/s/ *Scott D. Gallisdorfer*
*Counsel for Amici Curiae*
